UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-295 (PJS/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | GOVERNMENT'S CONSOLIDATED |
| v. ) | RESPONSE TO DEFENDANT'S |
| ) | PRETRIAL DISCLOSURE MOTIONS |
| JULIA RENE AYERS, ) | |
| ) | |
| Defendant. ) | |

The United States of America, by and through its attorneys Erica H. MacDonald, United States Attorney for the District of Minnesota, and Allen A. Slaughter Jr., Assistant United States Attorney, hereby submits its consolidated response to Defendant Julia Rene Ayers' pretrial motions. Based upon any reply filed by Defendant Ayers, any oral arguments before the Court, or additional submissions, the United States respectfully requests the opportunity to file supplemental briefing if and as necessary.

1. **Motions for Discovery and Inspection**  (ECF Nos. 15 & 16)

The United States has complied, and will continue to comply, with Fed. R. Crim. P. 16(a)(1)(A)-(F). Pursuant to the Court's arraignment order, the United States provided disclosures to Defendant on November 21, 2019. Said disclosure included police reports, a portion of Defendant's criminal history information, photographs, search warrants authorized by prior judicial officials, firearms tracking and tracing information, preliminary laboratory submission documentation, certified copies of Defendant's fingerprints, content resultant from the evaluation of one of defendant's stones, as well as a copy of Defendant's audio-recorded post-*Miranda* interview. The United States

understands its continuing obligations with respect to discovery under the applicable rules. The United States has offered and continues to offer Defendant the opportunity to inspect and examine the physical evidence available in this case upon request at a mutually convenient time.

More specifically, with respect to any written or oral statement(s) of Defendant, the United States has already produced or made available all such statements in its possession, custody or control, and/or will produce any such statements on a timely basis when it receives them.  The United States has also provided Defendant with materials relating to her criminal history and other certified documents with regard to her prior felony convictions, as pertinent to her prohibited status.  Furthermore, with respect to physical examinations and/or scientific tests, the United States has disclosed all technical reports, inspections, and certifications that have been generated to date.  The United States has not obtained DNA test results to date. The United States will disclose any additional reports as soon as it receives them.

The United States is fully aware of its obligations under Fed. R. Crim. P. 16(a)(1)(G) and FRE 702, 703, and 705, relating to disclosures of potential expert witness opinions, reports, and/or qualifications, and intends to fully comply with the requirements of those rules.  The United States has not yet determined whether and which expert witness(es) it will call at trial.  The United States, however, has already produced forensic and scientific lab analyses requests, assignments, and reports and will continue to timely produce such reports as it receives them.  Should DNA results be generated, the United States will also provide a copy of Defendant's motion (ECF No. 16) to the BCA Lab and shall request a

copy of the Lab's complete DNA file be produced for disclosure. However, the government reserves the right to object to certain of her sub-requests, *see* ECF 16 at 1-2, to the extent they are not possible, overly burdensome, and/or immaterial to the actual DNA test results themselves.

The only issue to be determined by the Court at this time, therefore, is the timing of such expert disclosures because there is no specific timing requirement included in Rule 16(a)(1)(G). *See* Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments (providing that "although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion").

The United States respectfully requests that the Court order that all expert disclosures be made <u>reciprocally</u> no later than <u>10 days before trial</u> to afford the parties sufficient notice of any expected expert testimony and time to prepare a focused cross-examination of any expert. *See United States v. Finn*, 919 F. Supp. 1305, 1316 n.7 (D. Minn. 1995) (ordering government to make expert disclosures as opinions became available and no later than seven days before trial); Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments.

**2.** **<u>Motion for Pretrial Disclosure of Jencks Act Material</u>**  (ECF No. 17)

Defendant moves for an order requiring the United States to disclose Jencks Act materials "at least two weeks prior to . . . trial." Because Defendant's motion directly contravenes the Jencks Act and well-established Eighth Circuit precedent, the motion should be summarily denied.

As Defendant appears to acknowledge, Federal Rule of Criminal Procedure 16(a)(2) specifically excludes statements made by government witnesses from pretrial discovery, except as provided in the Jencks Act. The Jencks Act expressly provides in relevant part that statements or reports made by a prospective Government witness are *not* subject to "subpoena, discovery, or inspection *until said witness has testified* on direct examination in the trial of the case." 18 U.S.C. § 3500(a) (emphasis added). *See United States v. Collins*, 652 F.2d 735, 738 (8th Cir. 1981). The Eighth Circuit has repeatedly recognized that the Government cannot be compelled to produce Jencks Act material until *after* the witness has testified at trial on direct examination. *See*, *e.g.*, *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008); *United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *Anderson v. United States*, 788 F.2d 517, 519 (8th Cir. 1986); *United States v. White*, 750 F.2d 726, 728-29 (8th Cir. 1984). Indeed, the established rule in this Circuit is that, ordinarily, the United States need not disclose Jencks Act material prior to the direct examination of the witness to whom the material pertains. *E.g., Green*, 151 F.3d at 1115; *United States v. Wilson*, 102 F.2d 968, 971 (8th Cir. 1996); *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992); *White*, 750 F.2d at 729. Although the United States already has and may further disclose such information prior to a witness's trial testimony, the United States cannot properly be required to do so. Defendant's motion, therefore, is meritless.

The United States, however, understands that early disclosure of Jencks Act material assists in the orderly progress of trial and therefore routinely makes Jencks Act material available voluntarily to a defendant before trial. While the United States has not yet

determined whom it will call as a witness at trial, the United States will voluntarily produce Jencks Act material 5 days before trial. The United States, however, objects to any order *requiring* it to provide early disclosure. *See*, *e.g.*, *Sturdivant*, 513 F.3d at 803 (recognizing that Government cannot be compelled to produce Jencks Act material until *after* witness has testified at trial on direct examination).

**3.    Motion to Compel Disclosure of Favorable Evidence** (ECF No. 18)

The United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The United States has complied, and will continue to comply, fully with those obligations. To the extent evidence exists which is both favorable to Defendant and material to either guilt or punishment, the evidence will be, or already has been, timely disclosed. But *Brady* is not a "discovery device," and it "does not *require* pretrial disclosure." *United States v. Bowie*, 618 F.3d 802, 818 (8th Cir. 2010); *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005) (emphasis added). Indeed, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Madsen v. Dormire*, 137 F.3d 602, 605 (8th Cir. 1998) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)); *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("the Constitution does not require the prosecutor to share all useful information with the defendant") (citing *Weatherford*, 429 U.S. at 559). Rather, "due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *Almendares*, 397 F.3d at 664. The United States objects to Defendant's motion to the extent that it seeks materials that are not required to be disclosed under *Brady*, *Giglio*, and their progeny.

Any impeachment material or witness statements will be timely produced in accord with the Jencks Act.  *See* 18 U.S.C. § 3500.  The Jencks Act expressly provides in relevant part that statements or reports made by a prospective Government witness are *not* subject to "subpoena, discovery, or inspection *until said witness has testified* on direct examination in the trial of the case."  18 U.S.C. § 3500(a) (emphasis added).  *See United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008) (recognizing that Government cannot be compelled to produce Jencks Act material until *after* a witness has testified at trial on direct examination).  And disclosure of impeachment material is timely if it is produced in compliance with the requirements of the Jencks Act.  *See*, *e.g.*, *United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012), *cert. denied,* 133 S. Ct. 1296 (2013); *United States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir. 1972).

To the extent Defendant's motion seeks disclosure of the United States' potential trial witnesses, the motion is beyond the scope of Rule 16.  *See Miller*, 698 F.3d at 704 (noting that "government properly objected" to pretrial motion for witness list and upholding district court's order for government to instead provide witness discovery "prior to cross-examination" of witness at trial); *Weatherford*, 429 U.S. at 559 ("It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably.").  Moreover, the United States does not yet know which witnesses it intends to call at trial.  The United States, however, will of course provide a potential witness list in accord with any trial scheduling order.

The United States also agrees that it will disclose criminal record information, if any, of its testifying witnesses immediately before trial. The United States further agrees to disclose immediately prior to trial any promises or agreements, if any, between it and its testifying witnesses. The United States also understands its obligation under *Giglio* and *Brady* to disclose certain other impeachment evidence, if any, for its witnesses. The United States declines to provide any such material with respect to persons who will not be called as witnesses since such a request is beyond the scope of *Brady*, *Giglio*, and their progeny. *See Eisenberg*, 469 F.2d at 160; *Miller*, 698 F.3d at 704 (addressing motion under Fed. R. Crim. P. 16(a)(1)(E)(i)). *See also United States v. Presser*, 844 F.2d 1275, 1283-85 (6th Cir. 1988) (discussing government's disclosure obligations under *Brady*, *Giglio*, the Jencks Act, and Rule 16).

**4.      Motion for Pretrial Disclosure of 404(b) Evidence** (ECF No. 19)

The United States is aware of its obligations under Rule 404(b) and will comply with those obligations if it intends to introduce any such 404(b) evidence at trial. The government is required to "provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown." Fed. R. Evid. 404(b). The government objects to a timing element of any request for early disclosure of such evidence, because it may lead to motions to suppress later-discovered 404(b) evidence. Moreover, the government specifically objects to Defendant's request for "immediate" disclosure of 404(b) evidence. Immediate disclosure is not contemplated by the rules and is not the law.

Instead, the United States will provide notice and disclose any extrinsic 404(b) evidence that it intends to use at trial no later than <u>10 days before trial</u>. *See generally* Fed. R. Evid. 404(b)(2) (requiring only reasonable notice before trial of nature of such evidence prosecution intends to offer at trial); *United States v. Kern*, 12 F.3d 122, 124 (8th Cir. 1993) (finding government's oral notice at pretrial hearing that it "might use evidence from some local robberies" was adequate and reasonable where government disclosed underlying reports seven days before trial). The government will provide sufficient 404(b) evidence to enable Defendant to prepare for trial, to the extent such evidence has not already been disclosed by that date. The United States, however, is not certain at this point in the proceedings whether it will use any such evidence at trial.

The United States also respectfully requests that any order regarding 404(b) evidence be strictly drawn to require no more than what is encompassed by the Rule. Specifically, Rule 404(b) does not encompass acts which are "intrinsic" to the charged offenses. *See* Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If conduct of the defendant is an "intrinsic" part of a charged offense but could nonetheless be considered a "bad act," then Rule 404(b) does *not* contemplate that notice of such evidence be given. *See United States v. Maxwell*, 643 F.3d 1096, 1100 (8th Cir. 2011) (holding that Rule 404(b) "does not extend to evidence of acts which are 'intrinsic' to the charged offense . . . because such acts are not truly separate bad acts that show propensity, but are intrinsic evidence which is inextricably intertwined with the crime charged"); *United States v. O'Dell*, 204 F.3d 829, 833 (8th Cir. 2000) (noting "firmly established"

case law that "Rule 404(b) does not apply" to non-extrinsic "crimes or acts which are 'inextricably intertwined' with the charged crime").

**5.     Defendant's Entrapment Notice and Motion to Disclose and Make Informant Available.** (ECF Nos. 20 & 21)

Defendant in a one-page memorandum cites certain general case law regarding entrapment, and then claims the defense. ECF No. 20 at 1-2. Defendant provides no facts regarding her claim. *Id*. Afterward, Defendant moves the Court to order the government to disclose the identity of and make available an informant involved in the government's investigation. Defendant then moves the Court to order the government to perform a variety of tasks in relation to the informant.

But merely claiming entrapment – much like merely stating that an informant has testimony that is material and that the defense desires to determine the motivation for informing – is not sufficient to require such disclosure. *See United States v. Bourbon,* 819 F.2d 856 (8th Cir. 1987). The United States Supreme Court has long recognized the government's privilege to withhold the identity of a confidential informant. *See United States v. Roviaro*, 353 U.S. 53, 59 (1957); *McCray v. Illinois*, 386 U.S. 300, 310 (1967). "In determining whether disclosure is required, the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

But to overcome the informant privilege, a defendant must provide "more than speculation that the evidence an informant may provide will be material." *Id*. (quoting *United States v. Grisham,* 748 F.2d 460, 463-64 (8th Cir. 1984)). Instead, every defendant "bears the burden of demonstrating that disclosure is material to the outcome of his case;

in other words, that disclosure is vital to ensure a fair trial." *United States v. Gonzalez-Rodriguez*, 239 F.3d 948, 951 (8th Cir. 2001). "A trial court abuses its discretion if it orders disclosure absent a showing of materiality." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991).

Defendant has merely stated "entrapment."[1] She fails to provide any facts let alone the exacting "vital to ensure a fair trial" burden necessary to establish disclosure is appropriate. Typically, without more from a defendant – specifically showing why a witness is material to the determination of the case and potentially helpful to a defense – disclosure should not be required, especially in light of the government's concern for informant safety. Furthermore, the government opposes Defendant's disclosure motion (and it's various sub-requests) to the extent it is premature and beyond the scope of Rule 16, the Jencks Act, and *Brady* and its progeny. As recognized in *United States v. Roviaro*, the government's privilege permits it to keep the identity of its informants secret. 353 U.S. 53, 59 (1957). This privilege recognizes the obligation of citizens to report crimes, and "by preserving their anonymity, encourages them to perform that obligation." *Id*.

Once again, defendant bears the burden of showing that an informant's identity is truly material. *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001). However, where disclosure "is relevant and helpful to the defense or an accused, or is essential to a fair

---

[1] The undersigned acknowledges Defendant broached entrapment during pre-motions communications. The parties have even discussed the identity of the informant. But to date the government has no facts supporting the entrapment defense, and none are provided in Defendant's December 11, 2019, notice – let alone the clear facts necessary for informant disclosure, or that will be necessary for such a defense at trial. *See, e.g., United States v. Combs*, 827 F.3d. 790, 796 (8th Cir. 2016).

determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60–61. Therefore, an informant's identity should be disclosed when it is relevant to the defense or essential to a fair determination of the case. *Carpenter*, 257 F.3d at 779. But nothing about *Roviaro*, however, requires the government to disclose more about an informant than is required to disclose about any other witnesses under Rule 16, the Jencks Act, or *Brady* and its progeny.

And "where materiality is shown, the court owes a duty to make every reasonable effort to have the informant made available to the defendant to interview or use as a witness, if desired." *Harris v. Taylor*, 250 F.3d 613, 617 (8th Cir. 2001) (internal quotation marks omitted). Generally, a defendant is entitled to receive information regarding a material informant's whereabouts, in order to enable his counsel to interview the informant about any possible exculpatory information and to prepare for possible cross-examination. *United States v. Webster*, 490 F.2d 435, 437 (8th Cir. 1974).

This District somewhat recently addressed the time at which disclosure is necessary in *United States v. Cree*, Crim. No. 12-26 (JRT/JSM), 2012 WL 6194395, at *4-5 (D. Minn. Dec. 12, 2012). In that case, the defendant sought disclosure of confidential informant information at least thirty days prior to trial. *Id*. The court granted disclosure seven days prior to trial. *Id*. at *4. Notably, in *Cree* there were far-reaching RICO claims, with factual circumstances far more complex than the matter currently at bar, (and which weighed in favor of a lengthier notice period). *Id.* at *1.

Therefore, if a defendant can demonstrate (or the parties together discern) materiality regarding a particular informant or cooperating witness, the government

proposes to make the identity of such a government informant, if any, known to the defense just as it proposes to do with its Jencks materials – 5 days before trial. In addition, if the government does determine to call the informant as a percipient witness, the government will make efforts to have the informant available for an interview with the defense at a mutually agreeable time and place before he or she testifies at trial.

Dated:  December 23, 2019

Respectfully Submitted,

ERICA H. MacDONALD
United States Attorney

*/s/ Allen Slaughter*
BY:  Allen A. Slaughter Jr.
Assistant United States Attorney
Attorney ID No. 301668