| | |
|---|---|
| United State of America, | Case No. 19-cr-295 (PJS/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Julia Rene Ayers, | |
| Defendant. | |

Allen A. Slaughter, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Shannon R. Elkins, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415; and Steven J. Wright, Law Office of Steven J. Wright, 331 Second Avenue South, Suite 705, Minneapolis, MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions:

1. Defendant's Pretrial Motion for Discovery and Inspection, ECF No. 15;

2. Defendant's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts, ECF No. 16;

3. Defendant's Pretrial Motion for Early Disclosure of Jencks Act Material, ECF No. 17;

4. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 18;

5. Defendant's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 19;

6. Defendant's Pretrial Motion to Disclose and Make Informants Available for Interview, ECF No. 21; and

7. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 24.

A hearing was held on January 23, 2020. ECF No. 28. Assistant United States Attorney Allen A. Slaughter appeared on behalf of the United States of America (the "Government"). Assistant Federal Defender Shannon R. Elkins and Attorney Steven J. Wright appeared on behalf of Defendant Julia Rene Ayers.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Pretrial Motion for Discovery and Inspection, ECF No. 15, is **GRANTED IN PART** and **DENIED IN PART**. Defendant generally seeks materials subject to disclosure under Rule 16(a)(1) of the Federal Rules of Criminal Procedure. The Government acknowledges its obligations under Rule 16 and states that it has and will continue to comply with such obligations. Based on the meet-and-confer statement, the Government has disclosed all responsive materials in its possession. Meet & Confer Stmt. ¶ 1, ECF No. 22.

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1) remains in the Government's control and has not yet been produced.[1] To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1) or that have already been

---

[1] The Court will address the timing for disclosure of expert materials in connection with Defendant's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts, ECF No. 16. *See infra* ¶ 2.

produced, her motion is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

2. Defendant's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts, ECF No. 16, is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks "immediate[] disclos[ure]" of examinations and tests as well as experts the Government intends to use at trial. At the hearing, the parties agreed to the disclosure of principal experts no later than 30 days prior to trial and rebuttal experts no later than 10 days prior to trial.

The Government "has already produced forensic and scientific lab analyses requests, assignments, and reports, and will continue to timely produce such reports as it receives them." Gov't's Consol. Resp. at 2, ECF No. 23. Defendant seeks a number of more specific items related to any DNA testing. The Government has agreed that "[s]hould DNA results be generated, [it] . . . will . . . provide a copy of Defendant's motion to the BCA Lab and shall request a copy of the Lab's complete DNA file be produced for disclosure," but reserves "the right to object . . . to the extent [these items] are not possible, overly burdensome, and/or immaterial to the actual DNA test results themselves." Gov't's Consol. Resp. at 2-3 (citation omitted).

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(F) remains in the Government's control and has not yet been produced or comes into the Government's control should such testing be conducted. *See* Meet & Confer Stmt. ¶ 2 ("The [G]overnment explains that no testing has been done at this time[;] if testing is conducted, the [G]overnment agrees to comply with the Rule 16 requirements."). To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(F) or assent or such information and materials have already been produced, her motion is denied. *See Johnson*, 228 F.3d at 924.

Further, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

3. Defendant's Pretrial Motion for Early Disclosure of Jencks Act Material, ECF No. 17, is **DENIED**. Defendant seeks disclosure of Jencks Act material "at least two weeks prior to trial." While the Government objects to any Court-ordered early disclosure, the Government stated in its response, and confirmed at the hearing, that it will voluntarily produce Jencks Act materials five days prior to trial. Gov't's Consol. Resp. at 5. Defendant was satisfied with the Government's proposal.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in

> the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the Government to disclose such materials no less than five days before trial as proposed.

4. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 18, is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks disclosure of evidence favorable to her under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. She also seeks information regarding Government witnesses.

The Government acknowledges its obligations under *Brady*, *Giglio*, and their progeny, but objects to Defendant's motion to the extent she seeks discovery beyond the requirements of these authorities. The Government also objects to immediate disclosure of witness impeachment materials. The Government states, however, that it will disclose impeachment materials and witness statements in accordance with the Jencks Act; a potential witness list in accordance with any trial scheduling order; and the criminal histories as well as any promises or agreements between itself and its testifying witness

5

immediately prior to trial. Lastly, again recognizing its disclosure obligations under *Brady*, *Giglio*, and their progeny, the Government objects to the production of impeachment materials for individuals who will *not* be called as witnesses to the extent such materials go beyond the scope of these authorities.

"The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of

6

determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. March 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. Subject to any trial procedure of the district court, the parties are encouraged to provide potential witness lists as well as Jencks Act and witness impeachment materials no later than five days prior to trial. *See infra* ¶ 3.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or materials that have already been produced, such request is denied. *See Johnson*, 228 F.3d at 924. Further, to the extent Defendant seeks discovery and disclosures with respect to non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, this request is likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

5. Defendant's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 19, is **GRANTED IN PART** and **DENIED IN PART**. Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to

offer at trial pursuant to Rule 404 of the Federal Rules of Evidence." At the hearing, the Government stated that it would disclose all Rule 404(b) evidence no later than 10 days before trial, and Defendant had no objection.

In accordance with the parties' agreement, no later than 10 days prior to trial, the Government shall disclose all Rule 404(b) evidence then known to the Government that the Government intends to offer. If the Government subsequently discovers additional evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. Defendant's motion is otherwise denied.

6. Defendant's Pretrial Motion to Disclose and Make Informants Available for Interview, ECF No. 21, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant has given notice to the Government that she intends to present an entrapment defense. *See generally* ECF No. 20. "Entrapment is an affirmative defense that requires a defendant to present evidence that a government agent 'implant[ed] in an innocent person's mind the disposition to commit a criminal act.'" *United States v. Havlik*, 710 F.3d 818, 823 (8th Cir. 2013) (alteration in original) (quoting *Jacobson v. United States*, 503 U.S. 540, 548 (1992)). "'[A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in criminal conduct.'" *United States v. Wynn*, 827 F.3d 778, 786 (8th Cir. 2016) (alteration in original) (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988)). "Inducement focuses on the government's actions, whereas predisposition 'focuses upon whether the defendant was an 'unwary innocent' or, instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime.'" *United*

*States v. Myers*, 575 F.3d 801, 805 (8th Cir. 2009) (quoting *Mathews*, 485 U.S. at 63). "A defendant is entitled to an instruction on the affirmative entrapment defense if sufficient evidence exists from which a reasonable jury could find that [the] government entrapped him." *Wynn*, 827 F.3d at 786.

"[T]o warrant an entrapment instruction, a defendant must first present evidence that the government induced the criminal conduct." *United States v. Young*, 613 F.3d 735, 746-47 (8th Cir. 2010) (citing *Jacobson*, 503 U.S. at 553); *see Myers*, 575 F.3d at 805 ("The starting point for our analysis is whether Myers has established that the government induced him to violate the law."). "Inducement occurs when the government creates a substantial risk that an otherwise law abiding person will commit a criminal offense." *United States v. Warren*, 788 F.3d 805, 810 (8th Cir. 2015); *see also Young*, 613 F.3d at 747 ("Inducement exists when the government implanted the criminal design in the defendant's mind." (quotation omitted)). "Inducement may take different forms, including pressure, assurances that a person is not doing anything wrong, persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy, or friendship." *United States v. Clarett*, 907 F.3d 1100, 1102 (8th Cir. 2018) (quotation omitted). "Inducement, however, must consist of something more than an opportunity to break the law. And it is well settled that the government may use artifice, stratagem, and undercover agents in its pursuit of criminals." *Myers*, 575 F.3d at 806 (citations omitted).

Defendant "intends to present evidence that she was repeatedly solicited and induced to find firearms and sell them to the government agent [('Informant A')]—a ruse

9

to entrap her with the possession of said firearms so the government agent could receive a benefit." ECF No. 20 at 2; *see also* Gov't's Resp. to Mem. at 1 (Defendant alleges "she [was] enticed if not begged by Informant A to bring the two combat weapons, a handgun, and ammunition she was found to be possessing when she was arrested"), ECF No. 36. Informant A's identity is known to both parties. *See, e.g.*, Def.'s Mem. in Supp. at 2, ECF No. 31; Gov't's Resp. to Mem. at 7-8. The Government has also relayed that Informant A "was on terms of federal supervised release" and has been "newly indicted in a separate drug conspiracy matter." Gov't's Resp. to Mem. at 7-8.

Defendant seeks discovery regarding Informant A. In addition to Informant A's identity, Defendant seeks: (a) Informant A's prior criminal convictions; (b) all communications between law enforcement and Informant A; (c) "any recorded or noted phone calls, texts or notes regarding [Informant A's] communications with [her]"; (d) information regarding all aliases used by Informant A; (e) information regarding "all payments made to [Informant A] for . . . cooperation against [Defendant] and others"; (f) the circumstances under which Informant A became an informant for law enforcement; and (g) all communications between law enforcement working with Informant A "and any other law enforcement agency or attorney prosecuting or probation officer supervising [Informant A] in connection with a criminal case." ECF No. 21 at 1-2. Defendant also requests that the Government make Informant A available for an interview prior to trial.

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). In determining whether

disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted).

Here, Informant A's identity is known and has been disclosed. *See Roviaro*, 353 U.S. at 60 ("Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable."). Further, at the hearing and in post-hearing briefing, the Government has acknowledged materiality with respect to Informant A. *See, e.g.*, Gov't's Resp. to Mem. at 4, 7.

The Government confirms that it has and will continue to comply with Federal Rule of Criminal Procedure 16(a)(1)(A)-(F) and its obligations under *Brady*, *Giglio*, and their progeny with respect to Informant A. The Government also confirms that it will timely produce any Jencks Act materials with respect to Informant A. Additionally,

> the [G]overnment has already committed to identifying those law enforcement agencies with which Informant A performed activities as an informant; to determine the substance of those activities across those agencies; and to identify whether any *Brady/Giglio* evidence exists. If such material exists, the [G]overnment will endeavor to produce the same no later than two weeks before trial. Meanwhile, the [G]overnment has [also] coordinated with [D]efendant through her counsel to assess the phone numbers that Informant A purportedly employed to communicate with (and purportedly entrap) Defendant."

Gov't's Resp. to Mem. at 8.

11

As for the opportunity to interview Informant A, consistent with its position at the hearing, "the [G]overnment will endeavor to arrange a meeting between Informant A and [D]efendant through her counsel." Gov't's Resp. to Mem. at 8. But, as also indicated at the hearing, the Government states that the ability to produce Informant A for an interview may not be in its control in light of the new indictment and possible self-incrimination issues. *See, e.g.*, Gov't's Resp. to Mem. at 8. At the hearing, Defendant appreciated that Informant A may not be available for a meeting should Informant A's counsel advise against it.

Defendant argues that information she seeks regarding Informant A is discoverable under Federal Rule of Criminal Procedure 16(a)(1)(A), (B), and (E) and as "exculpatory evidence under *Brady* and *Giglio*." Def.'s Mem. in Supp. at 2-4; *see* ECF No. 21 at 2. The Government has confirmed that it will comply with its obligations under these and other authorities with respect to Informant A, including but not limited to Jencks Act material. The Government has also committed to working with defense counsel with respect to certain other requested information, including but not limited to telephone information, and attempting to arrange a meeting with Informant A.

Defendant's motion is granted in part to the extent that the Government shall comply fully with Federal Rule of Criminal Procedure 16(a)(1)(A)-(F) and its obligations under *Brady*, *Giglio*, and their progeny. The Government shall disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. The Government shall also continue using its best efforts to facilitate Defendant's receipt of other information to which it has committed. To the extent the

parties believe any responsive information should be produced pursuant to a protective order, the parties shall submit a proposed order to the Court. Further, the Government shall use its best efforts to arrange a meeting with Informant A. Defendant's motion is otherwise denied. *See Johnson*, 228 F.3d at 924.

7. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 24, is **GRANTED**. The Government seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2 as well as the establishment of deadlines for the disclosure of principal and rebuttal expert witnesses. At the hearing, Defendant had no objection to the Government's motion. Further, as stated in ¶ 2 *supra*, the parties have agreed that no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). Therefore, the Government's motion is granted.

8. All prior consistent orders remain in full force and effect.

9. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: March__25__, 2020                    _____*s/ Tony N. Leung*_____
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota


                                            *United States v. Ayers*
                                            Case No. 19-cr-295 (PJS/TNL)

13